UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 08-2288 DSF (VBKx) | Date | 8/07/08 |
|---|---|---|---|
| Title | Tony Ferguson v. Interstate Distributor Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Action to the Superior Court for the State of California, County of Los Angeles

    Defendants Interstate Distributor Co., Inc. ("Interstate Distributor") and Matt Enes removed this action to this Court on April 7, 2008. Although Enes, like Plaintiff, is a citizen of California, Defendants asserted that diversity jurisdiction was proper because Enes was fraudulently joined. At a status conference on July 7, 2008, the Court ordered the parties to brief the issue of whether Enes is a proper defendant. The parties timely submitted responsive briefs.

    "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

    The only causes of action alleged against Enes are claims for discrimination under California Government Code Section 12940(a) arising out of his acts as a supervisor. As Plaintiff concedes, supervisory employees cannot be held individually liable under Section 12940(a). Reno v. Baird, 18 Cal. 4th 640, 645 (1998).

    However, Plaintiff asserts that the allegations in the Complaint regarding Enes are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

sufficient to support a claim for harassment under California Government Code Section 12940(j).  Plaintiff has alleged such a claim against Interstate Distributor.  (Compl. ¶¶ 102-09.)  Employees may be held individually liable for such claims.  See Cal. Gov. Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."); McClung v. Employment Dev. Dept., 34 Cal.4th 467, 471 (2004).

      The Court in Alderman v. Pitney Bowes Mgmt. Servs., 191 F. Supp.2d 1113 (N.D. Cal. 2002), faced a similar situation.  There, as here, the defendants alleged to be fraudulently joined were central figures in the circumstances that gave rise to the plaintiff's claims.  Id. at 1115.  The only claims alleged against those defendants, however, failed as a matter of law.  Id.  The plaintiff had neglected to include the allegedly fraudulently joined defendants in other, valid claims alleged against other defendants.  Id.  Considering the presumption against removal and the underlying purpose of the fraudulent joinder rule, the court concluded that it lacked jurisdiction.  Id. at 1115-16.

      The same circumstances appear here.  Far from being a tangential figure added to the Complaint to defeat diversity jurisdiction, Enes is central to Plaintiff's claims.  The allegations in paragraph 24 of the Complaint are sufficient to create the possibility that Plaintiff would recover against Enes under Section 12940(j).  (See Compl. ¶ 24 (alleging, among other things, that Enes consistently criticized Plaintiff, conspired with others to create false complaints against him, and conspired "to make the work environment so intolerable for Plaintiff, that he would quit his position with Interstate.").)  As in Alderman, the Court "concludes that an overly mechanistic approach to defendant's fraudulent joinder claim is not appropriate."  191 F. Supp. 2d at 1116.  Defendants have not carried their burden of establishing fraudulent joinder.  Because there is not complete diversity between the parties, the Court REMANDS this action to the Superior Court for the State of California, County of Los Angeles.

      IT IS SO ORDERED.